

NICHOLAS J. SANTORO, ESQ.
Nevada Bar No. 00532
JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:   702/791-0308
Facsimile:   702/791-1912

JAMES P. FOGELMAN, ESQ.
Nevada Bar No. 09803
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone:   213/229-7000
Facsimile:   213/229-7520

*Attorneys for Harrah's License Company, LLC and Harrah's Interactive Entertainment, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ULTRA INTERNET MEDIA, S.A., a company organized under the laws of Nevis, West Indies; and GIGAMEDIA LIMITED, a company organized under the laws of the Republic of China (Taiwan); and DOES 1-10,<br><br>Plaintiff/Counter-Defendants,<br><br>v.<br><br>HARRAH'S LICENSE COMPANY, LLC, a Nevada limited liability company; and HARRAH'S INTERACTIVE ENTERTAINMENT, INC., a Delaware corporation,<br><br>Defendants/Counterclaimants.<br>EVEREST GAMING LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>HARRAH'S INTERACTIVE ENTERTAINMENT, INC.; and HARRAH'S LICENSE COMPANY, LLC,<br><br>Defendants. | Consolidated Base Case File No.: 2:10-cv-00455-JCM-RJJ<br><br>(consolidated with Case No.: 2:10-cv-00607-JCM-RJJ)<br><br>(consolidated w/ Case No.: 2:10-cv-00904-JCM-LRL)RJJ<br><br>**[PROPOSED] ORDER GRANTING HARRAH'S LICENSE COMPANY, LLC'S AND HARRAH'S INTERACTIVE ENTERTAINMENT, INC.'S MOTION FOR LEAVE TO MAKE ALTERNATIVE SERVICE OF PROCESS ON COUNTER-DEFENDANT GIGAMEDIA LIMITED** |

This matter came before the Court on a Motion for Leave to Make Alternative Service of Process On Counter-Defendant GigaMedia Limited (the "Motion for Alternative Service") (Docket No. 57) brought by Counterclaimants Harrah's License Company, LLC and Harrah's Interactive Entertainment, Inc. (collectively, "Harrah's") filed on August 11, 2010. Counsel for Counter-Defendant GigaMedia Ltd. ("GigaMedia"), Jay Young, Esq. and David T. Duncan, Esq. and the law firm of Marquis & Aurbach ("Marquis & Aurbach"), filed a Notice of Non-Opposition to Harrah's Motion for Alternative Service on August 28, 2010 (the "Non-Opposition") (Docket No. 64). None of the other parties to the above-captioned action has opposed the Motion for Alternative Service.

## OVERVIEW

1. Harrah's submitted its Motion for Alternative Service and sought therein leave of Court to effectuate service of process on GigaMedia through one or more of the following mechanisms consistent with the authority granted pursuant to Fed. R. Civ. P. 4(f)(3) and Ninth Circuit jurisprudence: (a) service on counsel for GigaMedia; (b) service by Federal Express, DHL, or international certified mail; and/or (c) service by electronic means.

2. The Court notes that Marquis & Aurbach has acknowledged that it has been retained by GigaMedia with regard to the above-captioned consolidated actions. *See* Non-Opposition, at 2 n. 1.

3. This Court has considerable discretion in determining whether alternative means of service should be permitted pursuant to Fed. R. Civ. P. 4(f). *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

4. Rule 4(f)(3) "is as favored as service available under [Rule 4(f)] . . . and is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." *Rio Properties,* 284 F.3d 1007 at 1015 (citation omitted). Service under Rule 4(f)(3) "is neither a 'last resort' nor 'extraordinary relief.'" *Id.* (citation omitted).

5. Service of process may be effectuated on GigaMedia pursuant to Rule 4(f)(2)(A) by: (a) delivering a copy of the summons and complaint to GigaMedia's "manager concerned"

06247-44/641738.doc

(see *Cosmotech International, LLC v. Der Kwei Enterprises*, 943 F.Supp. 311, 316 (S.D.N.Y. 1996)); and (b) by issuance of service documents by the clerk of a Taiwanese court of competent jurisdiction (see *Emine Tech. Co., Ltd. v. Aten Int'l Co., Ltd.*, 2008 WL 5000526, at *3 (N.D. Cal. Nov. 21, 2008)).

6. Moreover, Rule 4(f)(2)(C) permits service of process on GigaMedia in Taiwan through service by Federal Express, DHL or other international courier, and by international certified mail, issued and directed by the Clerk of this Court, and requiring the recipient to sign for receipt (see *Power Integrations, Inc. v. System General Corp.*, 2004 WL 2806168, at *2 and n. 3 (N.D. Cal. Dec. 7, 2004)).

7. Service of process may be effectuated on GigaMedia in Singapore by international certified mail, return receipt requested, issued by the Clerk pursuant to Rule 4(f)(2)(A). See *Trak Microcomputer Corp. v. Werne Bros.*, 1985 WL 3505, at *1 (N.D. Ill. Oct. 28, 1985).

8. This Court may authorize service by electronic means on GigaMedia consistent with Rule 4(f)(3) (see *Rio Properties*, 284 F.3d at 1017-18).

9. This Court may also order service of process on counsel for GigaMedia as such court-ordered service is sufficient to satisfy due process concerns and does not improperly infringe on the attorney-client relationship pursuant to Fed. R. Civ. P. 4(f)(3). See *Forum Financial Group, LLC v. President and Fellows of Harvard College*, 199 F.R.D. 22, 24-25 (D. Me. 2001); *Ehrenfeld v. Salim A Bin Mahfouz*, 2005 WL 696769, at *3 (S.D.N.Y. March 23, 2005). This Court may order that such service occur and be deemed effective pursuant to Rule 4(f)(3) where it is evident that the attorney is aligned with the party or has communicated or consulted with the party regarding the litigation. See *Rio Properties*, 284 F.3d at 1017; *Forum Financial Group*, 199 F.R.D. at 24-25 and n. 5; *Ehrenfeld*, 2005 WL 696769, at *3.

## ORDER

The Court having reviewed Harrah's Motion for Alternative Service and GigaMedia's Non-Opposition thereto, and good cause appearing, it is hereby ORDERED and DECREED as follows:

06247-44/641738.doc

1. As Marquis & Aurbach has acknowledged that it has been retained by GigaMedia with regard to the above-captioned consolidated action, this Court orders Marquis & Aurbach to accept service of process on behalf of GigaMedia, which is the most efficient, time-efficient and cost-effective means of effectuating service of process on GigaMedia. In its Non-Opposition, GigaMedia has not opposed Harrah's request for such alternative means for service of process pursuant to Fed. R. Civ. P. 4(f)(3).

2. Therefore, within five (5) court days of the entry of this Order, Harrah's shall effectuate service of process on GigaMedia by delivering a Summons and a filed-stamped copy of Harrah's Counterclaims against GigaMedia on Marquis & Aurbach by Receipt of Copy, and Harrah's shall thereafter file a copy of the executed Receipt of Copy with the Clerk of this Court demonstrating that service of process has been effectuated.

3. GigaMedia shall thereafter have twenty-one (21) days in which to file a responsive pleading to Harrah's Counterclaims consistent with Fed. R. Civ. P. 12(a)(2)(B).

IT IS SO ORDERED.

DATED: September 8th, 2010.

~~UNITED STATES DISTRICT JUDGE~~
UNITED STATES MAGISTRATE JUDGE

06247-44/641738.doc