UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ULTRA INTERNET MEDIA S.A., <br><br> Plaintiff, <br><br> v. <br><br> HARRAH'S LICENSE COMPANY, LLC, <br><br> Defendant. | 2:10-CV-455 JCM (RJJ) |

**ORDER**

Presently before the court is consolidated defendant GigaMedia Limited's motion to dismiss complaint for lack of jurisdiction. (Doc. #94). Consolidated plaintiff Harrah's Interactive Entertainment, Inc. responded (doc. #98), and GigaMedia replied (doc. #101).

On March 21, 2008, defendant Harrah's License Company entered into a promotional agreement related to the World Series of Poker with plaintiff Ultra Internet Media, S.A. ("UIM"), among others. Consolidated defendant GigaMedia thereafter executed a guarantee with Harrah's whereby GigaMedia guaranteed payment of costs incurred in defending against any third-party claims associated with the UIM contract.

In early April of 2010, UIM, allegedly breached the promotional agreement with Harrah's and also became a wholly-owned subsidiary of GigaMedia. In its complaint, Harrah's alleges that GigaMedia instigated UIM's improper termination of the promotional agreement to evade paying the remaining amounts owed to Harrah's. In response, GigaMedia has filed the instant motion to dismiss, claiming this court lacks personal jurisdiction to hear the suit.

**James C. Mahan**
**U.S. District Judge**

## I. LEGAL STANDARD

To adjudicate a particular suit, a court must have subject matter jurisdiction over the issues to be litigated, *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs*, 130 S. Ct. 584, 596 (2009), as well as personal jurisdiction over the parties, *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "The burden of proof is on the plaintiff to show that jurisdiction is appropriate, but in the absence of an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). At this stage, the court need only consider the pleadings, the motion, and related documents, treating the plaintiff's allegations as true. *Id.*

"Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001). Here, the relevant Nevada statute is coextensive with the limits of due process, and the inquiry is collapsed. *See* N.R.S. 14.065. Accordingly, under Nevada law, the court asks simply whether jurisdiction comports with due process.

To satisfy due process, a court may exercise personal jurisdiction over a defendant only where the defendant has certain minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. These minimum contacts may present in the form of either general or specific jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

## II. GENERAL JURISDICTION

General jurisdiction arises where the defendant has continuous and systematic ties with the forum, even if those ties are unrelated to the litigation. *Hubbell Lighting*, 232 F.3d at 1375 (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 414–16 (1984)). "[T]he plaintiff must demonstrate the defendant has sufficient contacts to 'constitute the kind of continuous and systematic general business contacts that 'approximate physical presence.''" *In re W. States Wholesale Natural Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (quoting *Glencore Grain*

James C. Mahan
U.S. District Judge

- 2 -

1  *Rotterdam B.V. v. Shivnath Rai Harnarian Co.*, 284 F.3d 1114, 1124 (9th Cir. 2002) (quoting
2  *Bankcroft & Masters, Inc. v. Aug. Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000))). In making this
3  determination, courts consider "whether the defendant makes sales, solicits or engages in business
4  in the state, serves the state's markets, designates an agent for service of process, holds a license, or
5  is incorporated there." *In re W. States Wholesale Natural Gas Litig.*, 605 F. Supp. 2d at 1131.

6        The court does not have general jurisdiction over GigaMedia in this case. The plaintiff
7  seemingly agrees, as it has not responded to arguments regarding general jurisdiction. As the
8  defendant notes, a court does not have the ability to exercise jurisdiction over a defendant simply
9  because it has guaranteed an underlying, disputed agreement. In *Pacific Atlantic Trading Co., Inc.*
10 *v. The M/V Main Express*, the Ninth Circuit, relying on *Sibley v. Sup. Court*, 16 Cal. 3d 442 (1976),
11 found that a court cannot "constitutionally assert jurisdiction over a nonresident solely because he
12 executed a guarantee agreement. . . ." 785 F.2d 1325, 1328 (9th Cir. 1985). Here, GigaMedia
13 guaranteed the underlying promotional agreement, but that alone is insufficient to exercise
14 jurisdiction in this case absent additional facts.

15       Furthermore, the court agrees that the actions of a subsidiary company do not automatically
16 subject a parent company to jurisdiction. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n. 13
17 (1984). "Each defendant's contacts with the forum State must be assessed individually." *Id.* Here,
18 the disputed website is owned and operated by Everest Gaming Limited, of which GigaMedia had
19 an ownership stake at the time of filing the suit. However, the plaintiff has not alleged any additional
20 facts to show that GigaMedia has independent contacts in Nevada upon which the court may justify
21 exercising jurisdiction. Accordingly, the court is unable to conclude that GigaMedia has established
22 the type of continuous and systematic general business contacts in the state that would approximate
23 a physical presence.

24 **III.    SPECIFIC JURISDICTION**

25       Specific jurisdiction arises where the claims alleged "arise out of" or "relate to" contacts
26 within the forum state. *Hubbell Lighting*, 232 F.3d at 1375. To exercise specific jurisdiction, there
27 are three requirements: (1) the nonresident defendant must have "purposefully directed" his activities
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

in the forum or have "purposefully availed" himself in the forum; (2) the claim "arises out of" or "relates to" the defendant's activities in the forum; and (3) exercising jurisdiction is reasonable, in that it comports with the notions of fair play and substantial justice. *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 127 (9th Cir. 1995) (quoting *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1485 (9th Cir. 1993)). Where the first two requirements have been met, a presumption of reasonableness arises, which can only be overcome by a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* (quoting *Core-Vent*, 11 F.3d at 1487).

### A.   Purposeful Direction or Availment

A court will find that a defendant has purposefully availed itself of the forum state if the plaintiff can prove that the defendant's contacts therein are: (1) attributable to intentional acts; (2) are expressly aimed at the forum state; and (3) meant to cause harm, the most of which is suffered, and was likely to be suffered, by the forum state. *Rio Prop., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Here, the plaintiff has alleged that the defendant acted intentionally. (Doc. #1, compl. ¶¶ 48–55). As evidence of its intent to contract and to purposefully avail itself in the forum state, the defendant has cited press releases in which GigaMedia openly and publicly disclosed its intent to do business in the United States through the World Series of Poker, based in Nevada.

Second, the plaintiff has alleged that GigaMedia intentionally caused UIM to improperly terminate and breach "a valid and existing contract with a Nevada LLC governed by Nevada law, and personally guaranteed by GigaMedia, for services to be performed in connection with the Las Vegas-based World Series of Poker ('WSOP')." (Doc. # 98, citing compl. ¶¶ 48–55). These allegations meet the final two requirements that the acts be expressly aimed at, and are likely to cause harm in, the forum state. Accordingly, the court finds that the plaintiff has alleged sufficient jurisdictional facts to meet the purposeful availment element of specific jurisdiction.

### B.   Arise or Relate

To satisfy the second requirement for specific jurisdiction, the Ninth Circuit relies on a "but

for" test to determine whether a claim "arises out of" forum-related activities. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995); *Rio Prop.*, 284 F.3d at 1021. Where the contacts with the forum state "are integral and essential parts" of the claim, this requirement is met. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002). Accordingly, the court asks simply: but for GigaMedia's contacts with the United States and Nevada, would Harrah's claims have arisen? *Ballard*, 65 F.3d at 1500.

As noted above, Harrah's has alleged that GigaMedia not only guaranteed the underlying contract, but also that it intentionally interfered with that contract, causing UIM to breach the agreement. That alleged interference is an "integral and essential" part of the claim, in that "but for" GigaMedia's interference, Harrah's claim would not have arisen. Accordingly, the court finds that the plaintiff has alleged sufficient jurisdictional facts to meet the "arise or relate to" element of specific jurisdiction.

### C. Reasonableness

The third requirement for specific jurisdiction is reasonableness. The court will presume that once the first two requirements have been met that an otherwise valid exercise of specific jurisdiction is reasonable. *Ballard*, 65 F.3d at 1500. The burden of convincing the court otherwise rests with the defendant, who "must 'present a *compelling* case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 2185 (1985) (emphasis added)) (emphasis in original).

To determine reasonableness, a court balances the following seven factors: (1) the extent of the defendant's purposeful interjection in the forum; (2) the burden on the defendant in defending in the forum; (3) any conflict of sovereignty with the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum state to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Rio Prop.,* 284 F.3d at 1021. No single factor is dispositive, and the court is required to balance all seven. *Id.*

James C. Mahan
U.S. District Judge

- 5 -

1        (1)    *Purposeful Interjection*

2 The Ninth Circuit has held that the purposeful interjection factor of the reasonableness analysis is analogous to the purposeful availment element of specific jurisdiction. *Sinatra v. Nat. Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir. 1988). Accordingly, whereas the plaintiff has alleged sufficient jurisdictional facts to show that GigaMedia purposefully directed its activities in Nevada by interfering with the promotional agreement, this factor weighs in favor of finding jurisdiction.

        (2)    *Burden on the Defendant*

"We examine the burden on the defendant in light of the corresponding burden on the plaintiff." *Sinatra*, 854 F.2d at 1199 (citing *Brand v. Menlove Dodge*, 796 F.2d 1070, 1075 (9th Cir. 1986)). Thus, GigaMedia's argument that it must travel 7,288 miles and 21 hours by plane to litigate in Nevada applies equally to having Harrah's travel to Hong Kong to litigate in the defendant's forum. Furthermore, the Ninth Circuit has held that distance alone is not given much weight unless it results in a wholesale deprivation of due process. *Hirsch v. Blue Cross, Blue Shield of Kan. City*, 800 F.2d 1474, 1481 (9th Cir. 1986). The court finds no such burden exists in this case. Accordingly, this factor bears little weight on the court's analysis.

        (3)    *Conflicts of Sovereignty*

"The factor of conflict with the sovereignty of the defendant's state is not dispositive because, if given controlling weight, it would always prevent suit against a foreign national in a United States court." *Sinatra*, 854 F.2d at 1199 (internal citations omitted). However, the contract at issue contains a choice of law provision, electing Nevada law be applied in the event of a lawsuit. Accordingly, this factor is resolved in favor of finding jurisdiction, though it bears little weight on the court's analysis.

        (4)    *Forum State's Interest*

The contract at issue is governed by Nevada law, and the events regulated by the contract, the World Series of Poker, take place in Nevada. Although the defendant argues that its dismissal from the suit would not preclude the plaintiff recovering from another party, the court finds that the plaintiff and Nevada still have an interest in suing GigaMedia if in fact it has abused a Nevada

**James C. Mahan**
**U.S. District Judge**

- 6 -

contract. Accordingly, this factor weighs in favor of finding jurisdiction.

(5) *Efficiency*

The site where the disputed events took place, or where most of the evidence is located, will normally be the most efficient forum. *Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1331 (9th Cir. 1985). Again, this case involves a Nevada contract, and the dispute is governed by Nevada law. Furthermore, the claims against GigaMedia are related to claims against UIM, in that they involve the same contract and witnesses. Accordingly, it is in the interest of judicial efficiency to try the cases together, and this factors weighs in favor of finding jurisdiction.

(6) *Convenient and Effective Relief for the Plaintiff*

Because the claims against GigaMedia are related to claims against UIM, it is not only in the interest of the court to try the cases together, but it is also the most convenient and effective remedy for the plaintiff. Accordingly, this factor weighs in favor of finding jurisdiction.

(7) *Alternative Forums*

GigaMedia seemingly proposes China as an alternative forum for the suit, stating that "[i]f Harrah's can host a golf tournament in China, it can certainly maintain a lawsuit there." (Doc. #94, p. 14). Although this may be true, GigaMedia's press statements expressing a willingness to enter the American poker market indicate that GigaMedia can maintain a lawsuit in the United States at least as easily as Harrah's could litigate in China. Furthermore, GigaMedia presents no substantive reasons for choosing another forum over Nevada. Accordingly, this factor bears little weight on the court's decision.

**IV.   CONCLUSION**

Having found that the plaintiff has alleged sufficient jurisdictional facts to meet the first two elements of specific jurisdiction, the burden falls on the defendant to show that litigating this case in Nevada would be unreasonable. After balancing the seven Ninth Circuit reasonableness factors, the court finds that GigaMedia has not meet its burden, and exercising jurisdiction is reasonable at this time.

**James C. Mahan**
**U.S. District Judge**

- 7 -

1  Accordingly,

2  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant GigaMedia's

3  motion to dismiss for lack of jurisdiction (doc. #94) is hereby DENIED without prejudice.

4  DATED December 21, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -