1   NICHOLAS J. SANTORO, ESQ.
    Nevada Bar No. 00532
2   JAMES D. BOYLE, ESQ.
    Nevada Bar No. 08384
3   SANTORO, DRIGGS, WALCH,
    KEARNEY, HOLLEY & THOMPSON
4   400 South Fourth Street, Third Floor
    Las Vegas, Nevada 89101
5   Telephone:    702/791-0308
    Facsimile:    702/791-1912
6
    JAMES P. FOGELMAN, ESQ.
7   Nevada Bar No. 09803
    SHANNON E. MADER, ESQ.
8   California Bar No. 235271 (admitted pro hac vice)
    GIBSON, DUNN & CRUTCHER LLP
9   333 South Grand Avenue
    Los Angeles, California  90072-3197
10  Telephone:    213-229-7000
    Facsimile:    213-229-7520
11
    *Attorneys for Caesars Interactive Entertainment, Inc.*
12  *and Caesars License Company, LLC*

13

14

15                 UNITED STATES DISTRICT COURT

16                      DISTRICT OF NEVADA

17  ULTRA INTERNET MEDIA, S.A., a company          Consolidated Base Case File No.:  2:10-cv-
    organized under the laws of Nevis, West Indies;  00455-JCM-RJJ
18  and GIGAMEDIA LIMITED, a company
    organized under the laws of the Republic of     (consolidated with Case No.:  2:10-cv-00607-
19  China (Taiwan); and DOES 1-10,                  JCM-RJJ

20            Plaintiff/Counter-Defendants,        (consolidated w/ Case No.:  2:10-cv-00904-
                                                    JCM-LRL)
21      v.

22  CAESARS INTERACTIVE                             **JOINT SCHEDULING ORDER AND**
    ENTERTAINMENT, INC., a Delaware                 **DISCOVERY PLAN (SECOND)**
23  corporation; and CAESARS LICENSE
    COMPANY, LLC, a Delaware limited liability
24  company,                                        **(Special Scheduling Review Requested)**

25            Defendants/Counterclaimants.

26

27

28

*(left margin vertical text)* SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON
SDW

EVEREST GAMING LIMITED,

Plaintiff,

v.

CAESARS INTERACTIVE ENTERTAINMENT, INC., a Delaware corporation; and CAESARS LICENSE COMPANY, LLC, a Delaware limited liability company,

Defendants.

CAESARS INTERACTIVE ENTERTAINMENT, INC., a Delaware Corporation,

Plaintiff,

v.

ULTRA INTERNET MEDIA S.A., a company organized under the laws of Nevis, West Indies; GIGAMEDIA LIMITED, a company organized under the laws of the Republic of China (Taiwan); EVEREST GAMING LIMITED, a company organized under the laws of the Republic of Malta, MANGAS GAMING SAS, a company organized under the laws of the Republic of France; MANGAS EVEREST SAS, a company organized under the laws of the Republic of France; and DOES 1-10.

Defendants.

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Caesars Interactive Entertainment, Inc. ("CIE") (and collectively with Caesars License Company, LLC ("CLC"), "Caesars"), on the one hand, and GigaMedia Limited ("GigaMedia"), Mangas Gaming SAS ("Mangas Gaming") and Mangas Everest SAS ("Mangas Everest") (collectively hereinafter, the "GigaMedia/Mangas Parties"), on the other hand, hereby submit the following Joint Scheduling Order and Discovery Plan (Second) and report of the conference of the parties.[1]

---

[1]  This case consists of three consolidated actions.  In the first action, Ultra Internet Media, S.A. ("UIM") is the Plaintiff and CIE and CLC are the Defendants.  In the second action, CIE is the Plaintiff, UIM is a Defendant and Counter-Claimant, and GigaMedia, Mangas Gaming and Mangas Everest are Defendants.  In the third action, Everest Gaming Ltd. ("Everest") is the Plaintiff, and CIE and CLC are the Defendants.

- 2 -

06247-44/727287

On August 27, 2010, CIE, CLC, UIM and Everest filed an initial Joint Rule 26(f) Report/Discovery Plan [Proposed] Scheduling Order (Docket No. 62) (the "First Scheduling Order"), and this Court conducted a special scheduling review with regard to that filing on September 13, 2010. To date, this Court has not entered any Order with regard to the First Scheduling Order. Nevertheless, the First Scheduling Order is hereby incorporated herein by this reference with regard to the positions of CIE, CLC, UIM and Everest regarding these consolidated actions.

Moreover, on March 7, 2011, the parties filed a (Second) Joint Interim Discovery Status Report (Docket No. 146) (the "Second Status Report"), which the parties also incorporate herein by this reference with regard to the status of the completion of discovery and reference to discovery that has yet to be completed.

On March 21, 2011, Shannon E. Mader, Esq. and Jeremy S. Ochsenbein, Esq. of the law firm of Gibson Dunn & Crutcher LLP, and James D. Boyle, Esq. of the law firm of Santoro, Driggs, Walch, Kearney, Holley & Thompson, on behalf of CIE, and David T. Duncan, Esq. of the law firm of Marquis Aurbach Coffing, on behalf of GigaMedia, Mangas Gaming and Mangas Everest, conducted a telephonic conference pursuant to Fed. R. Civ. P. 26(f) and LR 26-1 with regard to CIE's allegations against the GigaMedia/Mangas Parties as set forth in the First Amended Complaint (Docket No. 122) (the "FAC") filed on January 27, 2011 by CIE. CIE served GigaMedia with a copy of the FAC on January 31, 2011 (_see_ Docket No. 128) and GigaMedia filed its Answer to the FAC on February 25, 2011 (Docket No. 142). CIE served Mangas Gaming and Mangas Everest with a Summons and copy of the FAC on February 16, 2011 (see Docket Nos. 137 and 138), and Mangas Gaming and Mangas Everest filed their Answer to the FAC on February 25, 2011 (Docket No. 142).

Based upon the pleadings and records in file herein, and the telephonic conference of March 21, 2011, CIE, GigaMedia, Mangas Gaming and Mangas Everest (collectively, the "Parties") report as follows:

///

///

06247-44/727287

**A.  Nature and Basis of the Claim and Defenses.**

    1.  <u>CIE's Summary of Claims:</u>

This is a breach of contract action in which UIM failed to pay millions of dollars for promotional opportunities it was granted under a Promotional Agreement with Caesars (then Harrah's) relating to the World Series of Poker (WSOP). UIM wrongfully attempted to terminate the Promotional Agreement without notice on April 1, 2010, and filed suit against Caesars for breach of contract, purportedly because of a handful of broadcasts of the WSOP in France, a country not even mentioned in the parties' agreement. Caesars countersued UIM for breach of contract. The contract claims are subject to a jury waiver provision in the parties' agreements. There are also tort claims that Ceasars has alleged against GigaMedia, Mangas Gaming, Everest, and Mangas Everest. These defendants are alleged to have wrongfully interfered in both the existing agreement between Caesars and UIM and with a new contract that the parties had negotiated for an extension and expansion of the original agreement. Furthermore, through discovery, Caesars learned that these same parties absconded with all of UIM's assets, without any identifiable consideration, in an improper attempt to render UIM judgment proof from Caesars' legitimate claims. For that reason, Caesars has alleged fraudulent transfer claims against these parties as well. Caesars' tort claims will be tried to a jury.[2]

    2.  <u>GigaMedia, Mangas Gaming and Mangas Everest's Summary of Defenses:</u>

GigaMedia was not a party to the Promotional Agreement at issue in these lawsuits. Rather, GigaMedia merely agreed to provide a guarantee of insurance coverage outlined within Section 8.3 of the Promotional Agreement. Importantly, at the relevant times, GigaMedia enjoyed a privilege to "interfere" with the Promotional Agreement when it learned that Caesars had been continually materially breaching the express terms of the Promotional Agreement. With respect to the fraudulent transfer claims, GigaMedia entered into a corporate merger

---

[2] After UIM's two motions for injunctive relief were denied, in an effort at forum shopping, defendants arranged for Everest to bring trademark claims against Caesars because of Caesars' continued compliance with its obligations under the agreement between UIM and Caesars, which required Caesars to use the Everest mark on the tables at the WSOP event. The Court then denied a third motion for injunctive relief, this time filed by Everest. Everest claims are also subject to the contractual jury waiver. Thus, the only claims that will be tried to a jury are Caesars' tort claims against GigaMedia, Mangas Gaming, Everest, and Mangas Everest.

06247-44/727287

transaction with Mangas Gaming which was a public record as of December 2009 (hereinafter "Mangas Merger"). For its part, Mangas denies any liability whatsoever. The Mangas Merger was wholly unrelated to any attempt to "abscond" with UIM assets for "no identifiable consideration" or to "render UIM judgment proof." CIE's claims are pure conspiracy theory and a transparent attempt to confuse the real issues – CIE's material breaches of contract, bad, faith, unjust enrichment, and fraud.

**B.      Settlement.**

The Parties have had informal settlement discussions about a potential resolution, but it appears that the Parties are far apart.

**C.      Preserving Discoverable Information.**

The Parties currently foresee no special issues involving the preservation of discoverable information.

**D.      Proposed Discovery Plan.**

1.      Rule 26(a) Modifications:

The Parties do not believe that any modifications are necessary.

2.      Subjects of Discovery:

The Parties will seek discovery, including third-party discovery as may be appropriate, regarding the following general topics: liability issues; fact of damage; causation; and the nature and amount of damages, if any. The Parties reserve the right to conduct discovery on additional subjects and from additional persons or entities as necessary and appropriate, and to make appropriate objections to discovery requests.

CIE does not believe that there is any reason to increase the 10-deposition limit and/or the 25-interrogatory limit in the Federal Rules of Civil Procedure in this matter.

GigaMedia, Mangas Gaming and Mangas Everest do not believe that there is any reason to increase the 10-deposition limit and/or the 25-interrogatory limit in the Federal Rules of Civil Procedure in this matter.

3.      Discovery Phasing, Ordering, or Limitation to Particular Issues:

CIE does not believe that the phasing of discovery, ordering of discovery, or limiting of

06247-44/727287

1  discovery to particular issues is necessary.

2        GigaMedia, Mangas Gaming and Mangas Everest do not believe that the phasing of

3  discovery, ordering of discovery, or limiting of discovery to particular issues is necessary.

4        4.    Electronically Stored Information:

5        CIE does not at this time anticipate the necessity for any special procedures for

6  addressing electronically stored information.

7        GigaMedia, Mangas Gaming and Mangas Everest do not at this time anticipate the

8  necessity for any special procedures for addressing electronically stored information.  However,

9  the parties have pending discovery disputes concerning identification of key custodians and the

10  proper scope of search terms to be applied to electronically stored information.

11        5.    Privilege And Protection of Trial Preparation Materials:

12        The Parties do not at this time anticipate the necessity for any special procedures

13  involving privileged documents or those documents protected as trial preparation material.  This

14  Court entered a Protective Order (Docket No. 81) in these consolidated actions, and by a separate

15  stipulation and order GigaMedia, Mangas Gaming and Mangas Everest will agree to be bound by

16  the provisions of that order.

17        6.    Orders Under Rules 16(b), 16(c), and 26(c):

18        The Parties do not currently ask the Court to enter any orders under Federal Rules of

19  Civil Procedure 16(b), 16(c), and 26(c).

20        7.    Discovery Plan:

21        Pursuant to LR 26-1(e), the Parties propose different discovery plans, which dates are

22  modifications to the schedule set forth in LR 26-1(e)(1 – 5):

23        a.    CIE's position:

| | |
|---|---|
| Discovery Cut-off Date: | August 31, 2011 |
| Deadline for Amending the Pleadings: | June 2, 2011 |
| Disclosure of Expert Witnesses: | July 2, 2011 |
| Disclosure of Rebuttal Expert Witnesses: | August 1, 2011 |
| Deadline for Filing Dispositive Motions: | September 30, 2011 |

SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON

SDW

06247-44/727287

|     |     |     |
| --- | --- | --- |
| 1   | Deadline for filing Pretrial Order: | October 31, 2011 |
| 2   | b.   GigaMedia, Mangas Gaming and Mangas Everest's Position: |     |
| 3   | Discovery Cut-off Date: | January 3, 2012 |
| 4   | Deadline for Amending the Pleadings: | October 5, 2011 |
| 5   | Disclosure of Expert Witnesses: | November 4, 2011 |
| 6   | Disclosure of Rebuttal Expert Witnesses: | December 2, 2011 |
| 7   | Deadline for Filing Dispositive Motions: | February 2, 2012 |
| 8   | Deadline for filing Pretrial Order: | March 2, 2012 |

8.     <u>Other Changes or Limitations to the Discovery Rules:</u>

The Parties currently do not foresee the necessity for any other changes or limitations to the discovery rules.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

06247-44/727287

9.   Trial Date:

CIE requests a trial date in November 2011.

GigaMedia, Mangas Gaming and Mangas Everest request a trial date in April 2012.

**IT IS SO ORDERED.**

Dated: _____, 2011

_____
United States District Judge
United States Magistrate Judge.

DATED this 28th day of April, 2011.

**MARQUIS & AURBACH**

By:___/s/ David T. Duncan_____
    JAY YOUNG, ESQ.
    Nevada Bar No. 05562
    DAVID T. DUNCAN, ESQ.
    Nevada Bar No. 09546
    10001 Park Run Drive
    Las Vegas, Nevada 89145

*Attorneys for Ultra Internet Media, S.A.,*
*GigaMedia Limited, Everest Gaming*
*Limited, Mangas Gaming SAS, and Mangas*
*Everest SAS*

**FITZPATRICK, CELLA, HARPER &
SCINTO**

    TIMOTHY J. KELLY, ESQ.
    RALPH A. DENGLER, ESQ.
    *Admitted Pro Hac Vice*
    1290 Avenue of the Americas
    New York, New York 10104-3800

*Attorneys for Everest Gaming Limited*

**SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON**

By:___/s/ James D. Boyle_____
    NICHOLAS J. SANTORO, ESQ.
    Nevada Bar No. 00532
    JAMES D. BOYLE, ESQ.
    Nevada Bar No. 08384
    400 S. Fourth Street, Third Floor
    Las Vegas, Nevada 89101

**GIBSON, DUNN & CRUTCHER LLP**

    JAMES P. FOGELMAN, ESQ.
    Nevada Bar No. 09803
    SHANNON E. MADER, ESQ.
    California Bar No. 235271
    (Admitted Pro Hac Vice)
    333 South Grand Avenue
    Los Angeles, California  90072-3197

*Attorneys for Caesars Interactive*
*Entertainment, Inc. and Caesars License*
*Company, LLC*

SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON

SDW

- 8 -

06247-44/727287